IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:01-cr-00019-MP-AK

WILLIAM R. DEVINE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 79, Defendant's Objections to the Report and Recommendations of the Magistrate Judge, Doc. 70.  In his report, the Magistrate recommended that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 39, de denied.  The Magistrate Judge filed the Report and Recommendation on Wednesday, January 5, 2005.  The parties were furnished a copy of the Report and Recommendation and were afforded an opportunity to file objections.  When no objections were filed, this Court entered an order  adopted the Magistrate's Report and Recommendation on Wednesday, March 9, 2005.

Defendant later filed a motion to vacate that order so as to permit him to file late objections to the Magistrate's Report and Recommendation, which this Court granted on Wednesday, June 29, 2005.  Defendant was subsequently granted two further extensions to file his objections, Docs. 76, 78.  Defendant has now filed his objections to the Report and Recommendation, Doc. 79, and has supplemented them with a filing of case citations, Doc. 80.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Defendant's primary objection is that his counsel was ineffective for failing to request a downward departure from the recommended sentencing guidelines due to special family conditions. Defendant asserts that his counsel should have requested a downward departure because his wife and child are both legally blind. However, as the Magistrate Judge correctly pointed out, Defendant knowingly and voluntarily entered a sentence appeal waiver. During the plea hearing, the Judge specifically and thoroughly discussed the effects of the waiver with the Defendant. With full knowledge of the consequences of his decision, Defendant proceeded to enter his plea. Defendant is therefore bound by the waiver he voluntarily entered. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). Furthermore, the Eleventh Circuit has held that in situations like this, "the sentence-appeal waiver precludes a [28 U.S.C.] § 2255 claims [sic] based on ineffective assistance at sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 39, is denied.

**DONE AND ORDERED** this __1st__ day of November, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:01-cr-00019-MP-AK*