IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:01-cr-00019-MP-AK

WILLIAM R. DEVINE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 124, Second Report and Recommendation of the Magistrate Judge, recommending that Defendant's Motion to Vacate, on the issue of whether counsel was ineffective for failing to file a Notice of Appeal, be denied. The Magistrate Judge filed the Report and Recommendation on Friday, January 26, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, no objections have been filed.

By prior order, the Court remanded Defendant's Motion to Vacate or Set Aside Judgment Per Rule 60(b), Doc. 89, to the Magistrate Judge for further proceedings in accordance with United States v. Gomez-Diaz, 433 F.3d 788, 791 (11th Cir. 2005). An evidentiary hearing was conducted on April 21, 2006, to determine whether Defendant's alleged statement of his desire to appeal was sufficient to trigger the *per se* duty to appeal outlined in Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); and if not, whether Defendant's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Defendant's wishes, and

whether he acted in accordance with those wishes. The Magistrate recommends that Defendant's motion to vacate be denied because Defendant's initial statement regarding an appeal was not sufficient to trigger the *per se* duty to appeal outlined in Flores-Ortega, and because counsel did not act deficiently when he failed to consult with Defendant about an appeal.

By pleading guilty, the only issue Defendant could raise on appeal was the legality of his sentence. At the evidentiary hearing, the testimony of Defendant and his counsel conflicted as to whether Defendant conveyed to counsel his desire to appeal, thus triggering the *per se* duty to appeal outlined in Flores-Ortega. The Magistrate found Defendant's testimony less credible than the account given by counsel and counsel's secretary, and based on the record, the Court agrees with the Magistrate. Counsel testified that filing a Notice of Appeal is a routine practice when a defendant chooses to appeal, with the document already prepared in his word processor, and that Defendant never expressed a desire to appeal his sentence. The record reflects that counsel continued to pursue other matters for Defendant after sentencing, and counsel stated that appeal issues are usually at the forefront of such post-conviction matters due to the ten-day filing deadline. Therefore, the Court finds that Defendant did not reasonably demonstrate his desire to appeal his sentence.

Moving to the second issue, the Magistrate found that counsel's failure to consult with Defendant on the issue of appealing the sentence did not constitute constitutionally deficient performance. Because, as previously discussed, Defendant did not reasonably demonstrate to counsel that he was interested in appealing, and because no rational defendant would want to appeal, the Court agrees with the Magistrate that counsel did not render ineffective assistance.

Defendant's sentence was at the bottom of the Guidelines, and the Plea Agreement and the Presentence Report fully informed Defendant of the consequences of entering a plea of guilty.  Therefore, having considered the Report and Recommendation, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Second Report and Recommendation, Doc. 124, is adopted and incorporated by reference in this order;

2. Defendant William Devine's Motion to Vacate, Doc. 89, is denied.

**DONE AND ORDERED** this   *27th* day of February, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge